PILLSBURY WINTHROP SHAW PITTMAN LLP
Eric Fishman, Esq.
1540 Broadway
New York, New York  10036
Telephone: (212) 858-1000
Facsimile: (212) 858-1500
Michael Evan Jaffe, Esq.
2300 N Street, N.W.
Washington DC 20037-1122
Telephone: (202) 663-8068
Facsimile:  (202) 663-8007

JACKSON & CAMPBELL, P.C.
David L. Kelleher, Esq.
1120 Twentieth Street, N.W.
South Tower
Washington D.C. 20036
Telephone: (202) 457-1685
Facsimile:  (202) 457-1678
*Attorneys for Respondents/Cross-Petitioners*
*Suchodolski Associates, Inc. and Consultora*
*Worldstar, S.A.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| CARDELL FINANCIAL CORP. and ) | |
| DELTEC HOLDINGS, INC.       ) | |
|                             ) | |
|        Petitioners,         ) | |
|                             ) | |
|                             ) | |
|        v.                   ) | Case No. 09-CV-6148-VM |
|                             ) | |
| SUCHODOLSKI ASSOCIATES, INC. and ) | |
| CONSULTORA WORLDSTAR, S.A.  ) | |
|                             ) | |
|                             ) | |
|        Respondents.         ) | |
|                             ) | |
|_____) | |

### CROSS PETITION TO VACATE ARBITRATION AWARD

Suchodolski Associates, Inc. and Consultora Worldstar, S.A. (collectively,

"SAI/Worldstar"), Respondents and Cross-Petitioners in this action, by and through their

undersigned counsel, pursuant to the Federal Arbitration Act, 9 U.S.C.§1, *et seq*, and the New York Convention of 1958 on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), petition the Court to vacate the award of the American Arbitration Association ("AAA") dated April 28, 2009, delivered to the parties on April 30, 2009, and corrected by letter-ruling dated June 8, 2009 (the "Final Award").

The Final Award is a non unanimous ruling that should be vacated.  The majority arbitrators manifestly disregarded more than 100 years of clearly applicable and explicit New York law, notwithstanding their obligation to apply New York law pursuant to the express terms of the parties' agreement to arbitrate.  Moreover, the Final Award is the product of an unfair arbitration proceeding in which the majority refused to hear evidence pertinent and material to the controversy and denied SAI/Worldstar an opportunity to be heard at a meaningful time and in a meaningful manner.  The majority's misconduct violated the Federal Arbitration Act, the New York Convention, the governing AAA Rules, and the fundamental principles of due process.

In support of the Petition to Vacate, SAI/Worldstar allege as follows:

**PARTIES**

1.     Petitioner Cardell Financial Corp. is a Panamanian Corporation with a principal place of business at Apartado 850, Ciudad de Panamá 7, República Panamá.

2.     Petitioner Deltec Holdings, Inc. is a Panamanian Corporation with its principal place of business at Arias, Fabrega & Fabrega, Plaza Banco Mer, Calle 50, Panama 5, Republic of Panama.

3.     Respondent Suchodolski Associates, Inc. is a Panamanian corporation, with its principal place of business at Arias, Fabrega & Fabrega, Plaza Banco Mer, Calle 50, Panama 5, Republic of Panama.

4. Respondent Consultora Worldstar S.A. is a Uruguayan corporation, with its principal place of business at Plaza Independencia, #811, Montevideo, Uruguay 11100.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this proceeding under 9 U.S.C. §§9 and 203, in that the subject matter of this proceeding relates to an arbitration award falling under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§201 and 301 *et seq*.

6. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391 and 9 U.S.C. §§9, 204 and 302.  The subject arbitration was conducted in New York, New York.

## THE ARBITRATION PROCEEDINGS

7. On July 25, 2006, Cardell Financial filed a demand for arbitration (the "Demand") with the AAA seeking, *inter alia*, a declaration that a foreclosure and sale of shares of stock at auction was commercially reasonable and in compliance with an award issued by the AAA in 2004 and New York law.  Demand at 26.  A copy of the Demand (without exhibits) is attached to the Williamson Declaration, submitted in support of Petitioners' Petition to Confirm, as Exhibit 3.

8. SAI/Worldstar filed their Answering Statement dated August 16, 2006 (the "Answering Statement").  The Answering Statement included a Third Party Demand for indemnification against Deltec.  A copy of the Answering Statement is attached as Exhibit 4 to the Williamson Declaration.

9. A tribunal of three neutral arbitrators was appointed and a limited evidentiary hearing was held on March 21, 2008.

## THE AWARD

10.     The tribunal issued a non-unanimous award dated April 28, 2009, that was delivered to the parties by the AAA on April 30, 2009.  On June 8, 2009, the arbitrators issued a letter ruling in which the arbitrators denied a post-award request for an interpretation of the award and granted an unopposed request to amend the award to correct specified clerical and typographical errors.  The award dated April 28, 2009, together with the letter-ruling of June 8, 2009, constitute the "Final Award."

11.     For the reasons set forth in the accompanying Memorandum In Support Of Cross-Petition To Vacate Arbitration Award, which is incorporated herein and to which the Court's attention is respectfully directed, the Final Award should be vacated in its entirety as the product of a proceeding that was conducted in violation of the applicable AAA Rules, the Federal Arbitration Act and the New York Convention, and issued in manifest disregard of applicable New York law and the specifications of the parties' agreement to arbitrate.

12.     Annexed hereto are a true and correct copy of the Arbitration Award, Majority Opinion, attached as Exhibit 1; a true and correct copy of the Arbitration Award, Dissenting Opinion, attached as Exhibit 2; a true and correct copy of the June 8, 2009 Arbitration Letter Ruling, attached as Exhibit 3; a true and correct copy of the Post Arbitration Hearing Memorandum, attached as Exhibit 4; a true and correct copy of Procedural Order No. 2, attached as Exhibit 5; a true and correct copy of the Arbitrator Oaths, attached as Exhibit 6; a true and correct copy of the Stipulation and Order dated January 26, 2005, attached as Exhibit 7; a true and correct copy of the Letter to Arbitrators dated November 27, 2007, attached as Exhibit 8; a true and correct copy of the Pre Arbitration Hearing Memorandum, attached as Exhibit 9; a true and correct copy of Arbitration Hearing Transcript Excerpts, attached as Exhibit 10; a true and correct copy of a Letter to Arbitrators dated April 13, 2009, attached as Exhibit 11; and a true and the Declaration of Andres G. Otero, attached as Exhibit 12.

- 5 -

WHEREFORE, Respondents-Cross Petitioners Suchodolski Associates, Inc. and Consultora Worldstar, S.A. respectfully petition the Court (i) to vacate in its entirety the Final Award pursuant to the Federal Arbitration Act and New York Convention, (ii) to award Respondents/Cross-Petitioners their costs and attorneys' fees in connection with this matter, and (iii) to award such further and other relief as proper and appropriate.

Respectfully submitted,

/S  Eric Fishman_____
Eric Fishman
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, New York 10036-4039
Telephone:  (212) 858-1745
Facsimile:   (212)  858-1500
Email:  eric.fishman@pillsburylaw.com

*Counsel for Respondents/Cross-Petitioners Suchodolski Associates, Inc. and Consultora Worldstar S.A.*

*Of Counsel*
Michael Evan Jaffe
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, N.W.
Washington, DC 20037-1122
Telephone:  (202) 663-8068
Facsimile:   (202)  663-8007
Email:  michael.jaffe@pillsburylaw.com

David L. Kelleher
Jackson & Campbell, P.C.
1120 Twentieth Street, N.W.
Washington, D.C. 20036
Telephone: (202) 457-1685
Facsimile:  (202)  457-1678
Email: dkelleher@jackscamp.com