ANDERSON KILL & OLICK, P.C.
Greg Hansen (GH-3516)
Helen J. Williamson (HW-1527)
1251 Avenue of the Americas
New York, NY 10020-1182
(212) 278-1000
Attorneys for Petitioners
Cardell Financial Corp.
and Deltec Holdings, Inc.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARDELL FINANCIAL CORP. and DELTEC HOLDINGS, INC., <br><br> Petitioners, <br><br> - against - <br><br> SUCHODOLSKI ASSOCIATES, INC. and CONSULTORA WORLDSTAR S.A., <br><br> Respondents. | 09 CV 6148 <br> No. 09 CV _____ <br><br> **PETITION TO CONFIRM ARBITRATION AWARD** |

Petitioners Cardell Financial Corp. ("Cardell") and Deltec Holdings, Inc. ("Deltec") (collectively, "Petitioners"), by and through their attorneys, Anderson Kill & Olick, P.C., pursuant to the Federal Arbitration Act, 9 U.S.C. §§207 and 301 *et seq.*, seek to confirm the entirety of an arbitration award, consisting of (1) the Final Award rendered by a majority of the panel of arbitrators (the "Panel" or the "Tribunal") from the American Arbitration Association (the "AAA"), and a dissenting opinion, dated April 28, 2009 (collectively, the "Award"), (2) together with a letter from the Tribunal dated June 8, 2009 (the "June 8 Letter"), which, *inter alia*, approved the correction of certain clerical and typographical errors in the Award, and (3) the proposed errata sheet which provided for the correction of such clerical and typographical errors (the "Errata Sheet"). The Award, the June 8 Letter, and the Errata Sheet (which the Panel approved in the

June 8 Letter) are referred to herein as the "Final 2009 Award" and are attached to the accompanying declaration of Helen J. Williamson, dated July 1, 2009 ("Williamson Declaration"), as Exhibit 1.

In support thereof, Petitioners allege as follows:

## PARTIES

1.  Cardell is a Panamanian Corporation with a principal place of business at Apartado 850, Ciudad de Panamá 7, República de Panamá. Cardell is the sole stockholder of Deltec.

2.  Deltec is a Panamanian Corporation with its principal place of business at Arias, Fabrega & Fabrega, Plaza Banco Mer, Calle 50, Panama 5, Republic of Panama.

3.  Respondent Suchodolski Associates, Inc. ("SAA") is a Panamanian corporation, with its principal place of business at Arias, Fabrega & Fabrega, Plaza Banco Mer, Calle 50, Panama 5, Republic of Panama.

4.  Respondent Consultora Worldstar S.A. ("Worldstar") is a Uruguayan corporation, with its principal place of business at Plaza Independencia, #811, Montevideo, Uruguay 11100. (SAA and Worldstar collectively are referred to herein as "Respondents").

## JURISDICTION AND VENUE

5.  This Court has original jurisdiction over this proceeding under 9 U.S.C. §203, in that the subject matter of this proceeding relates to an arbitration award falling under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§201 and 301 *et seq.*

6. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391, 9 U.S.C. §204 and 9 U.S.C. §302. The subject arbitration was conducted in New York, New York.

7. Section 19 of the Stock Pledge Agreement between Petitioners and Respondents relating to arbitration, provides in relevant part:

> 19. **Arbitration**. The parties agree that any dispute arising out of, or in connection with, the execution, interpretation, performance or non-performance of this Agreement (including the validity, scope and enforceability of these arbitration provisions) shall be settled by arbitration conducted in the English language, in accordance with the commercial arbitration rules of the American Arbitration Association ("AAA") by a panel of three arbitrators. Lender shall select one arbitrator, the Pledgors shall select one arbitrator, and the third arbitrator shall be selected by mutual agreement of the other arbitrators. . . . The decision of the AAA shall be final, binding and not subject to further review, and judgment on the awards of the AAA may be entered in and enforced by any court having jurisdiction over the parties or their assets subject to the procedural requirements in such jurisdiction. The AAA and the arbitrators shall be authorized and directed to award reasonable costs and attorney's fees to the prevailing party. The AAA and the arbitrators shall base their judgment on the Applicable Laws. The AAA and the arbitrators shall be authorized to award equitable relief, including, but not limited to, specific performance or other injunctive relief. Any monetary award shall be made an payable in U.S. dollars.

Stock Pledge Agreement, at p. 9, §19, Williamson Dec. Ex. 2.

8. The parties expressly consented and submitted to the <u>exclusive jurisdiction</u> of the New York federal and state courts in the Stock Pledge Agreement which was the subject of the arbitration proceeding:

> This Agreement and any documents and instruments delivered in connection herewith and therewith and the rights and duties of the parties hereunder and thereunder shall be governed by, and construed and interpreted in accordance with, the internal laws of the State of New York, without

regard to principles of conflicts of law. Each Pledgor and Lender hereby submits to the exclusive jurisdiction of the state and Federal courts located in the County of New York, State of New York, subject to Section 19 [Arbitration].

See Stock Pledge Agreement, at p. 8, §18, Williamson Dec. Ex. 2.

## THE ARBITRATION PROCEEDING[1]

9.  On July 25, 2006, Cardell filed its Demand seeking, *inter alia*, (1) a declaration that its foreclosure and sale of the Respondents' shares of Deltec stock at auction was commercially reasonable and in compliance with the award issued by the AAA in 2004 in favor of Cardell in the first arbitration between the parties (the "First Arbitration "), and (2) "that the arbitrators award reasonable costs and attorneys' fees to Cardell in connection with this proceeding as required by ... the parties' agreements, including the Stock Pledge Agreement." Demand at 26. A copy of the Demand (without exhibits) is attached to the Williamson Declaration as Exhibit 3.[2]

10.  Respondents filed their Answering Statement dated August 16, 2006 (the "Answering Statement"). The Answering Statement also included a Third Party Demand for indemnification against Deltec. A copy of the Answering Statement is attached as Exhibit 4 to the Williamson Declaration.

---

[1] The parties' dispute has been active since June, 2003. The dispute has been before this Court on multiple occasions over the last six years. Most recently, the parties engaged in an arbitration before the AAA (the second arbitration the parties have conducted on this matter). It is the complete Award from this most recent arbitration that Petitioners now seek to confirm.

[2] Because of the morass of paper in this matter, Petitioners are presenting these documents (many of which have been filed in the prior proceedings before this Court) without exhibits because they believe such exhibits are not necessary to the Court's decision in this Petition. Petitioners will make them available to the Court upon request.

11. Petitioners filed their Response (the "Response") to the Respondents' Answering Statement on or about August 31, 2006. A copy of Petitioners' Response is attached as Exhibit 5 to the Williamson Declaration.

12. A Panel of three arbitrators was appointed. The Panel's chair, Professor Alejandro M. Garro, of Columbia Law School, was appointed by the AAA on September 14, 2008.

13. A hearing before the Panel was held on March 21, 2008.

14. Following the hearing, the parties submitted post-hearing briefs to the Tribunal, and certain supplemental submissions also were made, including copies of the transcript of the Hearing, and copies of certain of the parties' briefs and other documents submitted in the parties' first arbitration held in 2004.

## THE AWARD

15. The Panel issued the Award, dated April 28, 2009, in writing, signed and affirmed by a majority of the Panel. One arbitrator dissented in an 11-page memorandum attached to the Award.

16. The 57 page Award concluded as follows:

### "IX. FINAL AWARD

Having carefully examined the evidence before it, the Tribunal reaches the following conclusions:

(1) Respondents have failed to raise any material issue of fact regarding the proper conduct of the Public Auction by Cardell. Having provided Respondents with an opportunity to discover and submit all the information and testimony the Tribunal deems relevant to dispose of the question whether Cardell acted with the proper standard of commercial reasonableness ((AAA Rule 30, AAA Rule 39.c), the Tribunal **decides and declares that the bidding process and sale of the pledged shares were conducted in a commercially reasonable manner**, in accordance

with the agreements of the parties and in compliance with the First Award and the applicable New York law (UCC 9-610(b)).

(2) Even if Respondents were entitled to bring a claim for indemnification against Deltec in this arbitration, and regardless of whether Respondents' role under the SPA may be characterized as that of a "surety", the Tribunal decides and declares, as a matter of interpretation of the November 2001 Agreements in general and the SPA in particular, that **Respondents are not entitled to be indemnified by Deltec for the loss of their shares of capital stock at the Public Auction.**

(3) Within thirty (30) days from the date of transmittal of this Award to the Parties, **Respondents shall pay Claimants $611,428 on account of attorneys' fees incurred by Claimants in this arbitration and $33,725 on account of costs.**

(4) The administrative fees and expenses of the International Centre for Dispute Resolution ("ICDR") totaling $15,750.00 shall be borne entirely by Respondents, and the compensation and expenses of the arbitrators totaling $358,546.57 shall be borne entirely by Respondents. Therefore, within thirty (30) days from the date of transmittal of this Award to the Parties, **Respondents shall reimburse Claimants the sum of $187,845.34, representing that portion of said fees and expenses previously incurred by Claimants.**

(5) Until such time as SAA and Worldstar have honored this award in full, including payment of the costs and attorneys' fees awarded by this Tribunal, **the Respondents and their officers, directors, shareholders, employees, and agents, including Beno Suchodolski and Nelson Baeta Neves, and all persons acting under their direction and control, and in concert or participation with any of them, are hereby enjoined from commencing or prosecuting or assisting in the prosecution of any arbitration, action or proceeding in any jurisdiction against any of the defendants named in the Brazilian Action, or any of their affiliates, officers, directors, shareholders, employees or agents, regarding any matter relating to the SPA and the November 2001 Agreements."**

Award, at 56 (emphasis in original), Williamson Dec. Ex. 1.

17. By letter dated May 11, 2009 ("Petitioners' Request Letter"), Petitioners requested that the Tribunal (i) correct certain clerical and typographical

errors in the Award, and provided the suggested corrections in the Errata Sheet, and (ii) confirm that the Award precludes any claims by Respondents against the Deltec Subsidiaries arising out of the same transaction or series of transactions (the November 30, 2001 Agreements). A copy of Petitioners' Request Letter, with the Errata Sheet attached thereto (which Errata Sheet is part of the Final 2009 Award), is attached as Exhibit 6 to the Williamson Declaration.

18. By letter dated May 22, 2009 ("Respondents' Objection Letter"), Respondents (i) consented to the correction of the clerical and typographical errors in the Award set forth in the Errata Sheet, and (ii) objected to Petitioners' request for confirmation that the Award precludes any claims by Respondents against the Deltec Subsidiaries arising out of the same transaction or series of transactions. A copy of Respondents' Objection Letter is attached to the Williamson Declaration as Exhibit 7.

19. The Panel issued its decision on the issues outlined in Petitioner's Request Letter in the June 8 Letter. See the Final 2009 Award.

20. The Final 2009 Award represents a complete and final determination of all claims submitted by the parties to the Panel.

21. The Final 2009 Award has not been vacated or modified since it was issued.

22. To date, Respondents have not complied with paragraphs 3 and 4 of Section IX of the Award.

WHEREFORE, Petitioners Cardell and Deltec respectfully request that the Court enter an order, pursuant to 9 U.S.C. §207 and §301 et seq. (i) confirming the Final 2009 Award against Respondents, (ii) entering judgment in Cardell's and Deltec's

favor in conformity with the Final 2009 Award, (including, but not limited to, the amounts in paragraphs 3 and 4 of Section IX of the Final 2009 Award), plus statutory interest, (iii) awarding the costs and attorneys' fees associated with bringing this petition, and (iv) awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 1, 2009

ANDERSON KILL & OLICK, P.C.

By: _____
Greg Hansen (GH-3516)
Helen J. Williamson (HW-1527)
1251 Avenue of the Americas
New York, NY 10020-1182
(212) 278-1000
Attorneys for Petitioners Cardell Financial Corp. and Deltec Holdings, Inc.

AND

John H. Doyle, III
Reed Smith LLP
599 Lexington Avenue, 22nd Floor
New York, New York 10022
(212) 205-6029
Co-counsel for Petitioners Cardell Financial Corp. and Deltec Holdings, Inc.

TO:
David L. Kelleher, Esq.
Jackson & Campbell, P.C.
1120 Twentieth Street, N.W.
Washington, D.C. 20036
(202) 457-1685

Michael Evan Jaffe, Esq.
Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, NW
Washington, D.C. 20037-1122
(202) 663-8068
Attorneys for Respondents Suchodolski Associates, Inc. and Consultora Worldstar S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARDELL FINANCIAL CORP. and
DELTEC HOLDINGS, INC.,

Petitioners,

- against –

SUCHODOLSKI ASSOCIATES, INC. and
CONSULTORA WORLDSTAR S.A.,

Respondents.

Case No. 09-**CV-6148**

## WAIVER OF THE SERVICE OF SUMMONS

To:   ANDERSON, KILL & OLICK, P.C.
(Name of the plaintiff's attorney or unrepresented plaintiff)

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from , the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _27 July_____, 2009     _/s/ Michael Jaffe_____
                                   Signature of the attorney or unrepresented party

SUCHODOLSKI ASSOCIATES, INC.      Michael Evan Jaffe
Printed name of party waiving service of     Printed name
summons                                      Pillsbury Winthrop Shaw Pittman LLP
                                             2300 N Street, N.W., Wash., DC  20037
                                             Address

                                             michael.jaffe@pillsburylaw.com
                                             E-mail address

                                             (202) 663-8068
                                             Telephone number

NYDOCS1-919462.2

## Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.