

**pillsbury**

Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, NW | Washington, DC 20037-1122 | tel 202.663.8000 | fax 202.663.8007

Michael Evan Jaffe
tel 202.663.8068
michael.jaffe@pillsburylaw.com

August 12, 2011



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/11

**BY FACSIMILE**

Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street, Suite 660
New York, NY 10007

Re: *Cardell Financial Corp., et al. v. Suchodolski Associates, Inc., et al.*, Case No. 09-CV-6148 (VM)

Dear Judge Marrero:

Reference is made to the Motion of Petitioners Cardell Financial Corp., and Deltec Holdings, Inc. and additional movants Anastácio Empreendimentos Imobiliários e Participações Ltda., and Companhia City De Desenvolvimento's ("Petitioners") to Adjudge Respondents in Contempt and for Sanctions ("Motion"), filed in the above-referenced matter on July 28, 2011. This law firm represents Mr. Beno Suchodolski, whom Petitioners named as an additional respondent to the Motion, but who was not a party to the prior proceedings. Mr. Suchodolski is a citizen of Brazil and accordingly, in addressing the Court preliminarily, respectfully reserves any objection that he may have regarding his being subject, as an individual, to personal jurisdiction in New York.

Petitioners filed the Motion with the Court via Electronic Case Filing ("ECF") without first sending a letter to the Court describing the basis for the Motion and requesting a pre-motion conference. It is not clear to us that the Motion for Contempt falls within the exception for "motions for sanctions" under your Honor's Individual Practices Guidelines at Section II.A. Therefore, we respectfully seek Your Honor's guidance as to whether it is Your Honor's preference for Mr. Suchodolski to file his opposition to the Motion directly via ECF given that the Motion has already been

www.pillsburylaw.com

Honorable Victor Marrero
August 12, 2011
Page 2

filed or to submit a letter to Your Honor outlining Mr. Suchodolski's position in aid of a conference with the Court.

For further context, I note that Mr. Suchodolski intends to oppose the Motion, as a threshold matter, on the basis that the Motion does not proffer any evidence at all to support an allegation that Mr. Suchodolski had any role whatsoever in the Brazilian actions that are the basis for the Motion. Indeed, as to Mr. Suchodolski, the Motion is facially predicated solely on the speculation that it is "inconceivable" that Mr. Suchodolski was not acting in concert with respect to the most recent complaints, simply because he was involved (as he would acknowledge) in the prior proceedings. That is a far cry from the clear and convincing evidence required to support so serious a request as to hold a non-party (or even any party) in contempt.

Thank you for your consideration.

Very truly yours,

Michael Evan Jaffe

cc: Deborah B. Baum, Esq.
    Eric Fishman, Esq.
    John M. O'Connor, Esq.
    Helen J. Williamson, Esq.
    Costa N. Kensington, Esq.

> The parties are directed to address the matter set forth above to Magistrate Judge Michael Dolinger to whom this dispute has been referred for resolution.
>
> SO ORDERED.
>
> 8-15-11
> Date
>
> VICTOR MARRERO, U.S.D.J.