

Pillsbury Winthrop Shaw Pittman LLP
2300 N Street, NW | Washington, DC 20037-1122 | tel 202.663.8000 | fax 202.663.8007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/29/11

Michael Evan Jaffe
tel 202.663.8068
michael.jaffe@pillsburylaw.com

August 26, 2011

**BY FACSIMILE**

Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street, Suite 660
New York, NY 10007

    Re: *Cardell Financial Corp., et al. v. Suchodolski Associates, Inc., et al.*, Case No. 09-CV-6148 (VM)

Dear Judge Marrero:

Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") and I respectfully submit this letter-brief in response to the Information Subpoenas with Restraining Notice and Accompanying Questions ("Information Subpoenas") served on Pillsbury Winthrop Shaw Pittman LLP and me by Cardell Financial Corp. and Deltec Holdings, Inc. (collectively "Cardell"). Pillsbury and I seek to file a Motion to Quash certain aspects of the Information Subpoenas pursuant to Federal Rule of Civil Procedure 69(a)(2) and New York Civil Practice Law and Rule 5224.

Pillsbury represented Respondents Suchodolski Associates, Inc. and Consultora Worldstar S.A. in the original action underlying the current efforts to enforce a judgment in the above referenced-matter. Our engagement ended after the Second Circuit issued its mandate. Pillsbury was recently engaged to represent Beno Suchodolski individually in connection with the contempt application made against him personally by Cardell. Mr. Suchodolski is not a Judgment Debtor.

Both Pillsbury and I are providing extensive information in response to the Information Subpoenas. We would move to quash only a narrow portion. The Motion to Quash challenges the Information Subpoenas to the extent that they seek information, pursuant to New York Civil Practice Law and Rule 5224 and

www.pillsburylaw.com

Honorable Victor Marrero
August 26, 2011
Page 2

presumably pursuant to Federal Rule of Civil Procedure 69(a)(2), on entities other than the Judgment Debtors. Specifically, the Information Subpoenas broadly define "Affiliate" as:

> The term "affiliate" and/or "affiliates" shall mean, with respect to a specified person, any person that owns or controls directly or indirectly such specified person, any person that controls or is controlled by or is under common control with such specified person, and each of such person's present and former senior executive officers, directors, partners, trustees, and, for any person that is a limited liability company, such person's managers and members, and includes all other persons acting or purporting to act on behalf of the specified person and also its subsidiaries, affiliates, divisions, and predecessors and successors in interest, and in the case of a person who is an individual, the immediate family members of such individual and a trust set up for the benefit of that individual or the individual's immediate family members, and the estate of such individual, provided further that, with respect to the Judgment Debtors, Affiliate shall include, without limitation, Beno Suchodolski, Nelso Batea Neves, Sr., Nelson Batea Neves, Jr. and their respective spouses, parents, siblings or descendents, and any trust for the benefit of any of them, and the their [sic] estates.

In addition, Question No. 1 to the Information Subpoenas seeks information regarding the specifics of all payments made in connection with services provided by Pillsbury and myself, regardless of whether those payments were made in connection with our representation of the Judgment Debtors or another person or entity.

Although Pillsbury and I are providing extensive information in response to the Information Subpoenas, including specific payment information and bank information that we have regarding the Judgment Debtors, it is improper for the Information Subpoenas to seek information on entities other than the Judgment Debtors. Petitioners have made no showing that the Judgment Debtors are incapable of responding to the judgment or that they, or either of them, have taken any steps to make improper asset transfers. *See Strick Corp. v. Thai Teak Prods. Co.*, 493 F. Supp. 1210 (E.D. Pa. 1980) (citing *Burak v. Scott*, 29 F. Supp. 775 (D.D.C. 1939). Under the circumstances, Petitioners are not entitled to information that Pillsbury might have regarding third parties.

www.pillsburylaw.com

Honorable Victor Marrero
August 26, 2011
Page 3

Accordingly, Pillsbury and I respectfully request a pre-motion conference on the above issues.

Very truly yours,

*Michael Evan Jaffe*

cc:  Deborah B. Baum, Esq.
     Eric Fishman, Esq.
     John M. O'Connor, Esq.
     Helen J. Williamson, Esq.
     Costa N. Kensington

> The parties are directed to address the matter set forth above to Magistrate Judge Michael Dolinger, to whom this dispute has been referred for resolution.
>
> SO ORDERED.
>
> 8-29-11
> Date          VICTOR MARRERO, U.S.D.J.

www.pillsburylaw.com